UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                                                       :
ABRAHAM LOPEZ, *on behalf of himself, FLSA*                            :
*Collective Plaintiffs, and the Class*, et al.,                        :
                                                                       :
                                        Plaintiffs,                    :          25-CV-3998 (JMF)
                                                                       :
                 -V-                                                   :       MEMORANDUM OPINION
                                                                       :          AND ORDER
PIO PIO NYC, INC. et al.,                                              :
                                                                       :
                                        Defendants.                    :
                                                                       :
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In this case, familiarity with which is presumed, seven Plaintiffs bring claims pursuant to

the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law

("NYLL") against a chain of Peruvian restaurants that operate under the common trade name

"Pio Pio." ECF No. 60 ("Compl."), ¶¶ 1-14.[1] Plaintiffs bring these claims on behalf of

themselves and all former and current employees who were employed by Defendants within six

years prior to the filing of the Complaint. Now pending is Plaintiffs' motion for conditional

certification of a FLSA collective action and for approval of notice and a "consent to sue" form.

*See* ECF Nos. 63, 63-1; ECF No. 64 ("Pls.' Mem."). Defendants oppose the motion and raise

objections to the proposed notice. *See* ECF No. 83 ("Defs.' Opp'n").

Upon review of the parties' submissions, the Court GRANTS Plaintiffs' motion as set

forth herein. In brief, between the Complaint, Plaintiffs' declarations, and exhibits, *see* Compl.;

---

[1]     Defendants are Pio Pio NYC, Inc.; Sipan Restaurant of New York, Inc.; Pio Pio Ocho, Inc.; Pio Pio 34, Inc.; Pio Pio 85, Inc.; Pio Pio Express, Inc.; Pollos a la Brasa Pio, Pio, Inc.; Pio-Pio Restaurant, Inc.; El Pillo Inc.; Mochica Group Corp.; Ines Yallico; and Augusto Yallico. Compl. ¶¶ 12-14.

ECF Nos. 65-75, 65-1 through 9, Plaintiffs have carried their "low" burden at this stage of making a "modest factual showing" that they and the "potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (internal quotation marks omitted); *see also, e.g.*, *Amador v. Morgan Stanley & Co.*, No. 11-CV-4326 (RJS), 2013 WL 494020, at *2 (S.D.N.Y. Feb. 7, 2013) (noting that a plaintiff may rely "on [his] own pleadings, affidavits, [and] declarations" to support a motion for collective action certification (internal quotation marks omitted)).  Among other things, Plaintiffs — both front- and back-of-house employees — submit ten affidavits attesting to common unlawful practices across six Pio Pio locations.  *See* ECF Nos. 66-75.[2]  In addition, they identify over twenty additional employees who were similarly affected.  *See generally* ECF Nos. 66-75; Pls.' Mem. 4.  Taken together, these submissions are sufficient at this stage.  *See, e.g.*, *Mei Rong Du v. Dingxiang Inc.*, No. 19-CV-11924 (JPO) (BCM), 2020 WL 7404984, at *6 (S.D.N.Y. Dec. 17, 2020) ("In this District, courts routinely grant conditional collective certification based solely on the personal observations of one plaintiff's affidavit." (cleaned up)); *Ding v. Mask Pot Inc.*, 347 F.R.D. 417, 428 (E.D.N.Y. 2024) ("It is well established that prospective class members need not have the exact same duties, titles, or jobs to be similarly situated for the purposes of conditional certification of a class."); *Zhao v. Soho Sushi, Inc.*, No. 17-CV-2517 (GBD) (KHP), 2017 WL 11779781, at *3 (S.D.N.Y. Dec. 4, 2017) ("Where the nature of the alleged violations

---

[2]  Several Plaintiffs began their employment prior to the FLSA's statutory period, but that is of no moment.  *See* ECF No. 83 ("Defs.' Opp'n"), at 2.  Affidavits of workers whose employment falls outside the statutory period "are probative of employers' wage and hour practices and they may corroborate the claims of more recent violations." *Lujan v. Cabana Mgmt., Inc.*, No. 10-CV-755 (ILG), 2011 WL 317984, at *5 (E.D.N.Y. Feb. 1, 2011); *accord Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 515-16 (E.D.N.Y. 2011).

include a failure to pay minimum wage and overtime, and a failure to provide proper wage notices, they potentially affect all non-exempt employees in the same way.").

Defendants do not dispute that the restaurants in question function as a single, integrated enterprise. *See generally* Defs.' Opp'n. In any event, Plaintiffs have sufficiently demonstrated at this stage that the restaurants are operated, and should be treated, as a unified entity. *See, e.g.*, *Hsieh Liang Yeh v. Han Dynasty, Inc.*, No. 18-CV-6018 (PAE), 2019 WL 633355, at *5-6 (S.D.N.Y. Feb. 14, 2019) (discussing the relevant factors). Among other things, the restaurants share names, logos, menu selections, principals, liquor licenses, websites, and social media presences, not to mention employees and supplies. *See* Pls.' Mem. 3-5; *see also, e.g.*, *Ruiz v. Green 70 LLC*, No. 25-CV-5777 (JMF), 2026 WL 311078, at *1 (S.D.N.Y. Feb. 5, 2026) (relying on similar evidence to find, at the collective certification stage, that the plaintiff had shown a single, integrated enterprise); *Francisco v. Exclusive Mgmt. Sol. Grp., Inc.*, No. 24-CV-3928 (AT) (RWL), 2025 WL 3205486, at *2 (S.D.N.Y. Nov. 17, 2025) (same).

Additionally, Plaintiffs' proposed collective action notice and "consent to sue" form, *see* ECF Nos. 63-1, 65-9, are APPROVED, subject to the following rulings:

- Plaintiffs' categorical request for equitable tolling of the statute of limitation, *see* Pls.' Mem. 23, is denied — without prejudice to an application from any opt-in plaintiff based on an individualized showing that tolling is warranted. *See, e.g.*, *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011) (holding that, where "equitable tolling may extend the statute of limitations for certain prospective plaintiffs . . . it is appropriate for notice to be sent to the larger class of prospective members, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date"); *accord Ruiz*, 2026 WL 311078, at *1; *Kargar v. Kamolov*, No. 22-CV-664 (JMF), 2022 WL 20304594, at *1 (S.D.N.Y. Dec. 21, 2022); *Emeterio v. A & P Rest. Corp.*, No. 20-CV-970 (JMF), 2021 WL 101186, at *1 (S.D.N.Y. Jan. 12, 2021).

- As preliminary certification relates solely to the FLSA, Plaintiffs' request for notice to be sent to all non-exempt employees employed by Defendants for the six-year period prior to the filing of the Complaint is denied. *See Ruiz*, 2026 WL 311078, at *2; *Kargar*, 2022 WL 20304594, at *2; *Emeterio*, 2021 WL 101186, at

\*2. Instead, notice shall be sent to all current and former non-exempt employees (including food preparers, cooks, deliverymen, waiting staff, servers, runners, bussers, bartenders, barbacks, dishwashers and porters, among others) employed by Defendants for the *three*-year period prior to the filing of the Complaint (collectively, the "Covered Employees"). *See, e.g.*, *Ruiz*, 2026 WL 311078, at \*2; *Kargar*, 2022 WL 20304594, at \*2; *Emeterio*, 2021 WL 101186, at \*2; *see also, e.g.*, *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) ("Notice would normally be provided to those employed within three years of the date of the notice. However, because equitable tolling issues often arise for prospective plaintiffs, courts frequently permit notice to be keyed to the three-year period prior to the filing of the complaint, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date." (cleaned up)). Defendants argue that the proposed collective should be limited to only two years due to a lack of willfulness. Defs.' Opp'n at 2, 22. But "[a]t the conditional certification stage, allegations of willful FLSA violations are sufficient to apply the three-year statute of limitations for purposes of sending a notice to putative members of the collective." *Andon v. SDG Props., Inc.*, No. 17-CV-7876 (ALC) (KHP), 2018 WL 3970910, at \*2 (S.D.N.Y. Aug. 20, 2018); *accord Francis v. A & E Stores, Inc.*, No. 06-CV-1638 (CLB) (GAY), 2008 WL 2588851, at \*3 (S.D.N.Y. June 26, 2008), *adopted as modified*, 2008 WL 4619858 (S.D.N.Y. Oct. 16, 2008).

• Defendants shall post copies of the notice and opt-in forms in conspicuous non-public locations at their places of business. *See, e.g.*, *Kargar*, 2022 WL 20304594, at \*2; *see also, e.g.*, *Sanchez v. Salsa Con Fuego, Inc.*, No. 16-CV-473 (RJS) (BCM), 2016 WL 4533574, at \*7 (S.D.N.Y. Aug. 24, 2016) ("[C]ourts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." (internal quotation marks omitted)). The notice shall posted be in *both* English and Spanish unless Plaintiffs or Defendants show cause why the notices should be in English alone.

• The notice should also include contact information for defense counsel in a separate section titled (for consistency with the section providing contact information for Plaintiffs' counsel) "THE LAWYERS REPRESENTING DEFENDANTS." *See* Defs.' Opp'n 21; *see also e.g.*, *Ruiz*, 2026 WL 311078, at \*2; *Zhao v. Surge Priv. Equity LLC*, No. 22-CV-7314 (KPF), 2023 WL 3477591, at \*8 (S.D.N.Y. May 16, 2023) (requiring "proposed notice [to] be supplemented to include defense counsel's contact information").

• **Within fourteen days of this Memorandum Opinion and Order**, Defendants shall produce in Excel format the names, titles, compensation rates, dates of employment, last known mailing addresses, email addresses, and telephone numbers of all Covered Employees. To the extent there are notice mailings returned as undeliverable, Defendants shall provide the Social Security Numbers of the recipients of the returned notices **within five days of any request by Plaintiff's counsel**. Any Social Security number so produced will be maintained

4

by Plaintiffs' counsel alone and used for the sole purpose of performing a skip-trace to identify a new mailing address for notices returned as undeliverable. All copies of Social Security numbers, including any electronic file or other document containing the numbers, will be destroyed once the skip-trace analysis is completed. **Within fourteen days following the close of the opt-in period**, Plaintiffs' counsel will certify in writing to the Court that the terms of this Order have been adhered to and that the destruction of the data is complete. These procedures are sufficient to safeguard the privacy information of potential plaintiffs. *See, e.g.*, *Ruiz*, 2026 WL 311078, at *2; *Kargar*, 2022 WL 20304594, at *2; *Shajan v. Barolo, Ltd.*, No. 10-CV-1385 (CM), 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010).

- **Within two weeks of this Memorandum Opinion and Order**, the parties shall file a joint letter advising the Court of any need to adjust pending deadlines in light of this Memorandum Opinion and Order and submitting any proposed modifications.

The Clerk of Court is directed to terminate ECF No. 63.

SO ORDERED.

Dated: April 20, 2026
New York, New York

_____
JESSE M. FURMAN
United States District Judge

5